UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LYDIA ELIZONDO,     § | | |
| Plaintiff     § | | |
| § | | |
| v.     § | | Civ. No. CC-07-405 |
| § | | |
| NUECES COUNTY, TX ET AL.     § | | |
| Defendants     § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are defendants' Motions to Dismiss. (D.E. 8, 10, 14). Having considered the submissions of the parties and their arguments at hearing, the Court rules that defendants Perez and Garza's Motions to Dismiss (D.E. 8, 10) are GRANTED and defendant Nueces County's Motion to Dismiss is DENIED. (D.E. 14).

*Factual Background*

Plaintiff, a forty-nine-year-old woman, worked as a deputy clerk in the Nueces County District Clerk's office beginning in 2002. She alleges that at the beginning of her employment, she received positive feedback, promotions and a pay raise. She avers that Garza, as Chief Deputy to District Clerk Perez, harassed and discriminated against plaintiff on the basis of her age and gender. Specifically, she alleges Garza called workers over forty "dinosaurs," yelled at her, and monitored her work unnecessarily closely.

Plaintiff further asserts that she received pretextual disciplinary actions and was improperly denied promotions. Plaintiff alleges that less qualified younger workers were given promotions for which she was qualified and that she received lower compensation than workers who were younger or male. On April 26, 2007, plaintiff was terminated for the stated reason that an inaccuracy on her job application had been discovered. Plaintiff asserts that this justification was pretextual. Perez allegedly ordered that plaintiff be escorted from the building by two Nueces County Deputy constables.

*Analysis*

Plaintiff brings age and gender discrimination claims under Title VII, the Age Discrimination in Employment Act (ADEA), and the Texas Commission on Human Rights Act (TCHRA), and denial of due process against all of the defendants. 42 U.S.C. §2000e *et seq.*; 29 U.S.C. §621 *et seq.*; V.T.C.A. Labor Code, §21.051 *et seq.* She also brings claims of intentional infliction of emotional distress, abuse of process and abuse of office against Garza and Perez as individuals.

The defendants move to dismiss under Federal Rule 12(b)(6). On a motion to dismiss pursuant to Federal Rule 12(b)(6), the Court construes the complaint liberally in plaintiff's favor, and all facts pleaded in the complaint must be taken as true. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). A complaint should be dismissed only if "it appears beyond doubt that

the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Id.*

*Age and Gender Discrimination Claims*

Perez and Garcia argue that plaintiff cannot maintain discrimination claims against them as individuals. The Fifth Circuit has held that individuals cannot be liable under Title VII, the ADEA or the TCHRA. *Ackel v. Nat'l Comm., Inc.*, 339 F.3d 376, 381-82 n. 1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities."); *Medina v. Ramsey Steel Co.*, Inc., 238 F.3d 674, 686 (5th Cir. 2001) (no individual liability under ADEA or Texas Labor Code). Accordingly, plaintiff could not prove any set of facts entitling her to relief against Garcia and Perez and these claims are dismissed.

Counsel for Nueces County and Perez in her official capacity argue that plaintiff fails to adequately allege a hostile work environment. Plaintiff has alleged that she is within two protected classes; that she was qualified for the positions she held and those she sought; that she suffered adverse employment actions; and that the positions were given to those outside of the protected classes. Thus, she has pled Title VII and ADEA claims adequately to survive a motion to dismiss. *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003) (setting forth prima facie showing under ADEA); *Willis v. Coca Cola Enterprises, Inc.*, 445 F.3d 413, 420 (5th Cir. 2006) (Title VII); *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 606 (5th Cir. 2007) (TCHRA interpreted using analogous

federal precedent). The Court will determine whether her claims are best treated as retaliation or hostile work environment claims with the benefit of discovery. Nueces County's motion to dismiss this claim is denied.

### *Denial of Due Process*

Nueces County moves to dismiss plaintiff's claim of due process violation. In the employment context, the constitution mandates that an employer must "hear and consider the employee's story before deciding whether to discharge the employee." *Coggin v. Longview Indep. Sch. Dist.*, 337 F.3d 459, 465 (5th Cir. 2003). Plaintiff alleges that defendants failed to consider the complaints she filed through the prescribed grievance procedures, while the County asserts that plaintiff received all of the process that to which she was entitled. Plaintiff's allegations, if proven, might constitute a due process violation. Accordingly, the County's motion to dismiss this claim is denied.

### *Intentional Infliction of Emotional Distress*

Plaintiff also alleges intentional infliction of emotional distress against the individual plaintiffs. This cause of action serves as a gap-filler, created "for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) ("If the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a

4

plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, a statutory claim."). The majority of the harassment alleged falls within plaintiff's discrimination claims discussed above.

Construing the complaint liberally, a possible remaining basis for the claim might be Perez's ordering constables to escort plaintiff from her workplace. However, this allegation alone is insufficient to meet Texas' definition of intentional infliction of emotional distress, which requires "conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* Plaintiff's intentional infliction of emotional distress claim therefore fails.

*Abuse of Process*

Plaintiff also alleges abuse of process based on Perez's ordering constables to escort her from her workplace. Under Texas law, there are three elements of an abuse of process claim: "(1) that the defendant made an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process; (2) that the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process; and (3) that damage resulted to the plaintiff as a result of such illegal act." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 587 (5th Cir. 1999). Plaintiff fails to allege any process in the traditional

5

sense of a writ, order, judicial command or legal proceeding. She cites no precedent for her interpretation of the claim. Accordingly, the claim is dismissed.

*Abuse of Office*

Plaintiff inexplicably claims abuse of office under the Texas criminal code. V.T.C.A. Penal Code §39.01. The Texas Penal Code does not create a private cause of action for crime victims, so the claim for abuse of office must be dismissed. *Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex.App. –Tyler 1996) (no private right of action for abuse of office under §39.01).

So ORDERED this 8th day of February, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE