UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LYDIA ELIZONDO, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civ. No. CC-07-405 |
| | § | |
| NUECES COUNTY, TEXAS, | § | |
|     Defendant. | § | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I.    Factual Background

Plaintiff Lydia Elizondo sues Nueces County, her former employer, for employment discrimination under Title VII, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and for both gender and age discrimination under the Texas Labor Code § 21.051 *et seq.* D.E. 1. She alleges that she suffered discrimination on the basis of her age and gender, that she was denied due process, and that she was wrongfully terminated in retaliation for alleging that Defendant was discriminating on the basis of age. *Id.* Defendant moves for summary judgment on all claims. D.E. 32.

Plaintiff is a fifty-year-old woman who was employed with the Nueces County District Clerk's Office from August 8, 2002 until May 11, 2007. She alleges that in that time, she was eligible and applied for several promotions within the clerk's office, but was denied the opportunity to advance, each time for discriminatory reasons. Plaintiff was terminated on May 11, 2007, and was forty-

1

nine years old at the time of termination. She claims that she was terminated in retaliation for complaining about Defendant's discriminatory employment practices, and that the stated reason that Defendant gave for terminating her was in fact a pretext for that retaliation. The current Nueces County District Clerk, Patsy Perez, and her Chief Deputy, Gerald Garza, were initially named as defendants in this suit, but were dismissed on the ground of qualified immunity. D.E. 22. Plaintiff also initially alleged other claims of intentional infliction of emotional distress, abuse of process, and abuse of office, which were each dismissed. D.E. 22. The remaining claims are gender discrimination and retaliation under Title VII, age discrimination under the ADEA, and denial of due process under the Fifth and Fourteenth Amendments of the United States Constitution. D.E. 1.

## II. Summary Judgment Standard

Summary judgment is proper if the pleadings and discovery, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. *Baton Rouge Oil and Chemical Workers Union v. ExxonMobil*, 289 F.3d 373, 375 (5th Cir. 2002) (citing FED. R. CIV. P. 56(c)). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* In making a summary judgment determination, the Court views all evidence in the light most favorable to the nonmoving party. *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 190 (5th Cir. 2001).

### III.     Due Process

Plaintiff alleges that she has been denied due process in her termination, because she did not receive adequate notice or a hearing before she was terminated. The Due Process Clause of the Fourteenth Amendment requires notice and a hearing before termination from public employment only if such termination would infringe a liberty or property interest. *Johnson v. Southwest Mississippi Regional Medical Center*, 878 F.2d 856, 858 (5th Cir. 1989) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972)). A public employee has a property interest in her job if she has a legitimate claim of entitlement to it, a claim which would limit the employer's ability to terminate the employment. That claim of entitlement must be determined by reference to state law. *Id.* A claim of entitlement to job tenure may be created directly by (1) state statute; (2) written contract; or (3) mutually explicit understanding that job is enforceable as an implied contract. *Id.*

Absent an express agreement to the contrary, Texas is an employment-at-will state. *Thomas v. Long*, 207 S.W.2d 334, 341 (Tex. 2004). Defendants claim that Plaintiff was an at-will employee. The extensive evidence submitted by both parties in this matter also supports the showing that Plaintiff's position, Assistant Court Clerk, was specifically and explicitly exempted from civil service in 2005, along with all positions in the Nueces County District Clerk's Office, and had only been covered prior to that due to a misunderstanding of Texas law. D.E. 32, Ex. D-3, *see also* TEX. GOV'T. CODE § 51.316 (stating that deputy and assistant clerks

in the Nueces County Clerk's Office serve "at the pleasure of the district clerk"). Accordingly, the presumption of at-will employment remains in effect, and Plaintiff cannot show that she had a property interest in her position requiring that she receive due process before her termination. Accordingly, the Court GRANTS summary judgment for Defendant on the issue of due process.

### IV. Gender Discrimination Claims

#### a. Prima Facie Case

Plaintiff alleges several instances of discrimination against her based on gender. The prima facie case for gender discrimination under Title VII has four elements. Plaintiffs must show that 1) they belong to a protected class, 2) were qualified for the position, 3) were subject to "an adverse employment action," and 4) "others similarly situated were treated more favorably," or they were replaced with a person not in the protected class. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001). The elements of a claim for gender discrimination under Texas Labor Code § 21.051 are essentially the same. *Quantum Chemical Corp. v. Toennies*, 47 S.W.2d 473, 475 (Tex. 2001). As a woman, Plaintiff is a member of the protected class for gender discrimination claims.

#### b. Failure to Promote: Job Posted January 5, 2005

In this incident, Plaintiff can put forth a prima facie case for gender discrimination—she is a qualified member of a protected class, and suffered an adverse employment action from which a non-member of the class benefited.

4

Here, Plaintiff applied for a position as Court Clerk, but the position was given to a male applicant, Ruben Ramirez, who is outside the protected class for gender discrimination claims. D.E. 33, Ex. B. Since the prima facie case has been met, the burden shifts to Defendant to show a legitimate non-discriminatory reason for the adverse employment decision with respect to Plaintiff. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Defendant has submitted extensive and substantial summary judgment evidence showing that Mr. Ramirez was qualified at the time of his promotion, and that there were, at a minimum, some concerns regarding Plaintiff's temperament and capacity to adequately perform her duties in her current job, irrespective of the increased responsibilities that would accompany a promotion. D.E. 32, Ex. D-11, D-16, D-18, and D-19. Plaintiff responds with affidavits showing that at least two of her co-workers believed her to be a good employee, and that when Mr. Ramirez resigned from the district clerk's office, he left his files in disarray. D.E. 33, Ex. 22–26. However, none of this evidence addresses the issue of whether Mr. Ramirez was qualified at the time of his selection, the relevant inquiry under Title VII. Plaintiff has not shown that the alleged issues with Mr. Ramirez's performance existed at the time he was selected for promotion over Plaintiff, or that if they did, that Defendant was aware of them and selected him regardless. Defendant has shown that there was a legitimate non-discriminatory reason for not selecting Plaintiff for promotion, and Plaintiff has not put forth sufficient evidence to show that the stated reason was a pretext for

gender discrimination. Therefore, the Court GRANTS summary judgment on this claim in favor of Defendant.

### c. Failure to Promote: Jobs Posted November 3, 2005, December 15, 2005, and April 28, 2006

In each of these instances, Plaintiff cannot make out a prima facie case for gender discrimination. Plaintiff applied for each of these open positions in the District Clerk's Office, and was each time not selected to fill the position. D.E. 33, Ex. 2. Assuming that Plaintiff was qualified for the open positions and that a failure to receive a promotion is an adverse employment decision for purposes of Title VII, Plaintiff is nonetheless unable to sustain a prima facie case on these claims. In each instance, the person chosen to fill the open position was a woman and also a member of the Title VII protected class. *Id.* Accordingly, there is no prima facie gender discrimination present in Defendant's failure to promote Plaintiff to these three positions. The Court GRANTS summary judgment on these claims in favor of Defendant.

### d. Termination: May 11, 2007

Plaintiff alleges that she suffered from gender discrimination in her termination from the Nueces County District Clerk's Office on May 11, 2007. D.E. 1. As noted above, Plaintiff is a member of the protected class for gender discrimination claims. She was presumably qualified for her position, and termination is unquestionably a negative employment action. However, Plaintiff cannot show that she was replaced by a person not in the protected class.

Plaintiff's position was filled by Sue Heskett, a woman. D.E. 33, Ex. 17. Before Ms. Heskett filled the position, it was "frozen," and no recruitment or hiring was planned to fill Plaintiff's vacancy. Because this position was filled by a woman, a member of the same protected class as Plaintiff, she cannot meet her burden of putting forth evidence to sustain a prima facie case of gender discrimination. Since Plaintiff has not put forth sufficient evidence to sustain a prima facie case, the Court does not here decide whether the stated reason for her termination—including false information on her application for employment—was in fact a pretext.[1] The Court GRANTS summary judgment for Defendant on all of Plaintiff's gender discrimination claims.

## V. ADEA—Failure to Promote and Termination

### a. Prima Facie Case

The prima facie case for an age discrimination claim under the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, is similar to the prima facie case for gender discrimination under Title VII. The Fifth Circuit has stated the elements as follows: "To make out a prima facie case of discriminatory treatment based on age, the plaintiffs are required to prove: (1) they are within the protected class; (2) they are qualified for the position; (3) they suffered an adverse employment decision; and (4) they were replaced by someone younger or treated less favorably than similarly situated younger employees (i.e., suffered from disparate treatment because of membership in the protected class)." *Smith v. City*

---

[1] Evidence of a possibly pretextual reason for Plaintiff's termination will be examined under Part VI, *infra*, the discussion of Plaintiff's claim for retaliation under the ADEA and Texas Labor Code.

*of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003). The prima facie case under the Texas Labor Code § 21.051 is, as for gender discrimination, essentially the same as the federal prima facie case. *Quantum Chemical Corp. v. Toennies*, 47 S.W.2d 473, 475 (Tex. 2001). The protected class for ADEA purposes is workers over the age of forty. 29 U.S.C. § 631. Here, Plaintiff was forty-nine years old at the time of her termination, and over forty at the time she applied for each position for which she alleged she was wrongfully denied promotion. D.E. 33, Ex. 26. The Court finds that Plaintiff is a member of the protected class for age discrimination claims.

### b. Jobs Posted January 5, 2005, November 3, 2005

In these two instances, Plaintiff, a woman over 40, was denied promotion in favor of younger District Clerk employees. Thus, Plaintiff can meet the prima facie case required for the ADEA—she is a member of the protected class, was qualified for the position applied for, and suffered an adverse employment decision from which a younger employee benefited. *Smith v. City of Jackson, Miss., supra.* When that test is satisfied, the burden shifts to the defendant to show that there were legitimate and non-discriminatory reasons for the action taken against the plaintiff. If such reasons are proven, then the burden once again shifts to the plaintiff to show that those reasons were in fact a pretext for discrimination by the employer. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

In the voluminous and extensive summary judgment evidence submitted, Defendant includes Plaintiff's applications for these positions, the applications of

the promoted employees, and several performance evaluations and statements from co-workers about Plaintiff's job performance during the relevant period. D.E. 32, Ex. D-11, D-16, D-18, D-19. These documents establish that there were concerns about Plaintiff's ability to perform her required duties at the time when she was applying for promotion to a more demanding position. These are sufficient to establish that a possible legitimate, nondiscriminatory reason existed for preferring a younger applicant to Plaintiff for each of the open positions.[2] Accordingly, the burden of proving that this reason was a pretext shifts back to Plaintiff.

In support of her pretext argument, Plaintiff submits two affidavits from co-workers stating that Plaintiff performed her duties well. D.E. 33, Ex. 23 and 25. Plaintiff also submits her own unsigned statement that she believes she was a good employee and her failure to receive the sought promotions was due to age discrimination. D.E. 33, Ex. 26. Plaintiff provides no evidence that the promoted employees had similar performance deficiencies, had similarly weak evaluations, or were significantly less qualified than Plaintiff at the time they were promoted. Mere belief that a pretext exists is not sufficient to prove that it in fact does exist. Plaintiff has not submitted evidence tending to show that the given legitimate reasons for her failure to secure promotion were in fact pretexts for age discrimination. Accordingly, the Court GRANTS summary judgment for

---

[2] At the January 29 hearing on this motion, Defendant also noted that each of these failure-to-promote claims was time-barred, as they all occurred more than 300 days prior to Plaintiff's filing of charges with the Equal Employment Opportunity Commission. As this argument was not presented in the motion itself, the Court declines to rule on its merits.

9

Defendants on these claims.

### c. Jobs Posted December 15, 2005 and April 28, 2006

On these two failure to promote claims, Plaintiff is again unable to sustain a prima facie case. Plaintiff unsuccessfully applied for these two open court clerk positions. However, she cannot show that she was treated less favorably than younger employees, since in each of these instances, the successful applicant for the position was also a member of the protected class.

With respect to the position posted on December 15, 2005, Plaintiff was one of two applicants. The other applicant was, like Plaintiff, a woman over forty, though she was approximately two years younger than Plaintiff. D.E. 33, Ex. 2. The Supreme Court has held that there is no ADEA age discrimination when a plaintiff is replaced by a person "insignificantly younger." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313, 116 S.Ct. 1307, 1310 (1996). While there is no clear rule on how great the age difference must be in order to be "significant," the Fifth Circuit has noted that a five-year age difference creates a "close question" on whether a plaintiff has established a prima facie case, and the Supreme Court has stated that a three-year age difference would be "very thin evidence" of age discrimination. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 313 (5th Cir. 2004); *O'Connor*, 517 U.S. at 312, 116 S.Ct. at 1310 (1996). Accordingly, the Court finds in this case that an age difference of less than three years between an unsuccessful and a successful applicant is not sufficient to establish a prima facie case of age discrimination.

The analysis is similar with respect to the job posted on April 28, 2006. In this case, Plaintiff was one of four applicants, and was again unsuccessful. D.E. 33, Ex. 2. However, in this instance, the employee selected for promotion was not only a woman over forty and therefore in the same protected class as Plaintiff, but she was two years older than Plaintiff. *Id.* The prima facie case for age discrimination requires a showing that the plaintiff was treated less favorably than a younger employee. *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003). There can be no such showing for this job opportunity, and accordingly, the Court GRANTS summary judgment for Defendant on these two claims.

### d. Termination: May 11, 2007

Here again, Plaintiff cannot meet the requirements of the prima facie age discrimination case. While Plaintiff is in the protected class due to her age, was apparently qualified for her position, and suffered an adverse employment action, her termination from the Nueces County District Clerk's Office. However, Plaintiff's own evidence shows that she was replaced as Assistant Court Clerk on June 9, 2008 by Sue Heskett, a woman ten years older than Plaintiff. D.E. 33, Ex. 17. Prior to this replacement, the position had been "frozen," and no recruitment or hiring was planned to fill Plaintiff's vacancy. Because this position was permanently filled by a person significantly older than Plaintiff and also in the protected class for ADEA purposes, Plaintiff cannot sustain a prima facie case of age discrimination. Accordingly, summary judgment is GRANTED for Defendant on Plaintiff's prima facie ADEA termination claim.

## VI. Retaliation

Plaintiff alleges that she was terminated in retaliation for filing a grievance against Defendant in which she alleged that she was suffering discrimination "on the basis of [her] age and [her] gender."[3] D.E. 33, Ex. 18. Defendant responds that Plaintiff's final termination was precipitated by the discovery that Plaintiff had given false information on her application for employment with the District Clerk's Office. D.E. 32. Plaintiff contends that Defendant's explanation is a pretext, that it was aware of the statements on Plaintiff's application, and that the statements were authorized by a representative of Defendant at the time Plaintiff applied for county employment. D.E. 33, Ex. 22.

In order to establish a retaliation claim through the ADEA, a plaintiff must prove "(1) that he engaged in a protected activity, (2) that there was an adverse employment action, and (3) that a causal link existed between the protected activity and the adverse employment action." *Holtzclaw v. DSC Communications Corp.* 255 F.3d 254, 259 (5th Cir. 2001). 29 U.S.C. § 623(d) provides that employers cannot retaliate against an employee who "opposed any practice made unlawful by this section . . . .[or] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter" 29 U.S.C. § 623(d). Filing complaints or grievances has been held to be protected activity under Title VII's retaliation provisions, which are interpreted in consistently with the ADEA's. *Long v. Eastfield College*, 88 F.3d 300, 307–08

---

[3] In her complaint, Plaintiff does not claim retaliation under Title VII, only under the ADEA and Texas Labor Code. D.E. 1.

(5th Cir. 1996); *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 756, 99 S.Ct. 2066, 2071 (1979). Plaintiff was terminated from her job with the county, and termination is unquestionably an adverse employment action. Therefore, the question remaining is whether a causal link exists between Plaintiff's filing of the grievance on January 31, 2007 and Defendant's termination of her employment on May 11, 2007.

Plaintiff began working for Defendant in 2002 as a deputy clerk. At that time, she stated on her application for employment that she had not been "dismissed or asked to resign" from employment in the last five years. D.E. 32, Ex. D-15. However, Plaintiff had in fact been terminated from her previous employer, Nueces County Community Action, and later filed a lawsuit alleging wrongful termination against them, which was dismissed on agreement of the parties. D.E. 32, Ex. D-14. The District Clerk, Patsy Perez, states in an affidavit that this misrepresentation on Plaintiff's job application was the reason she was terminated. D.E. 32, Ex. B. However, Plaintiff contends that her statement on her application that she had never been terminated, while not completely accurate, was made with the knowledge of the Chief Deputy Clerk, Carolyn Spanutius, at the time she applied for county employment. D.E. 33, Ex. 26. Ms. Spanutius's affidavit concurs with this statement, saying that she did not consider Plaintiff's termination final, as Plaintiff was appealing it. In April 2004, Plaintiff filled out another application for county employment after Ms. Perez took office and Gerald

Garza began serving as Deputy Clerk. D.E. 32, Ex. D-15. On this application, she again stated that she had not been terminated. *Id.*

Plaintiff's lawsuit was dismissed in 2005. D.E. 32, Ex. D-14. It is unclear when or how Defendant became aware of Plaintiff's termination and suit against her former employer. On January 31, 2007, Plaintiff filed a grievance against Defendant regarding a previous disciplinary action, in which she alleged that age and gender discrimination were motivating factors in the actions taken against her. D.E. 33, Ex. 18. On April 25, 2007, the suspension which Plaintiff had grieved was reduced to a letter of reprimand. D.E. 32, Ex. D-9. On April 26, Perez and Garza notified Plaintiff that they had become aware of the statement on her 2002 application and were considering terminating her as a result of that statement. *Id.* Plaintiff was terminated on May 11, 2007. *Id.* In her affidavit, Plaintiff states that she believes that she was terminated in retaliation for filing grievances. D.E. 33, Ex. 26. She also relates several instances in which Garza, the Chief Deputy Clerk, made disparaging comments about the older employees at the clerk's office, calling them "old dinosaurs" and talking about bringing in fresh blood to the office. *Id.*

The Fifth Circuit has held that a plaintiff, in order to survive a motion for summary judgment on a retaliation claim, need not prove that the protected activity she engaged in was the sole motivating factor in the employer's adverse action. *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001). The Circuit has additionally noted that "close timing between an employee's protected activity

and an adverse action against [her] may provide the 'causal connection' required to make out a prima facie case of retaliation," and that time lapses of up to four months have been held to satisfy the required causal connection at the summary judgment stage. *Id.* at 354 (quoting *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997). In this case, Plaintiff filed her grievance on January 31, 2007, and was notified of Defendant's intent to terminate her on April 26, 2007, two months and twenty-six days after the grievance. This time period, coupled with the statements by Garza, leads to the conclusion that Plaintiff has in fact met her burden and made a prima facie retaliation claim.

Once a prima facie claim is established, the burden then shifts to Defendant to produce a legitimate and non-retaliatory reason for Plaintiff's termination. *Evans*, 246 F.3d at 354. Here, the inquiry into causation is more searching, and Plaintiff must prove to the finder of fact that her termination would not have occurred "but for" her participation in a protected activity. *Long v. Eastfield College*, 88 F.3d 300, 308 (5th Cir. 1996). This may be accomplished by showing that Defendant's stated reason for termination is in fact a pretext for retaliatory activity. *Evans*, 246 F.3d at 355. In this case, the evidence presented at this stage of the proceedings is unclear. Defendant submits Plaintiff's disciplinary history and argues that the disciplinary actions taken against her were all done in accordance with county rules and procedures. D.E. 32, Ex. D-9. Specifically, Defendant argues that Plaintiff's termination was in line with the procedures and policies set out in the Nueces County personnel manual, which Perez and Garza

followed when terminating Plaintiff for the statement made on her application. D.E. 32, Ex. B and D-2. In response, Plaintiff argues that the statement Defendant claims led to her termination was made with the knowledge of the then-chief deputy clerk and that it was made nearly five years before it became the alleged reason for her termination. D.E. 33, Ex. 22 and 26. Additionally, Plaintiff submits evidence of Garza's statements about older workers and the need to bring in "fresh blood," as discussed before. The Fifth Circuit has stated that "the combination of suspicious timing with other significant evidence of pretext . . . can be sufficient to survive summary judgment." *Shackelford v. Deloitte & Touche, L.L.P.*, 190 F.3d 398, 409 (5th Cir. 1999). As noted above, Plaintiff's termination is close enough in time to her filing of a grievance to be suspicious. Combining this timeline with Garza's statements about older employees and the circumstances surrounding Plaintiff's final termination, the Court finds that Plaintiff has raised a genuine issue of material fact with regard to pretext. Summary judgment on Plaintiff's retaliation claim is accordingly DENIED.

### VII. Hostile Work Environment

Finally, Plaintiff claims that she suffered from a hostile work environment, and sues under Title VII and the Texas Labor Code. To have a viable hostile work environment claim, the plaintiff must show that: "(1) the victim belongs to a protected group; (2) the victim was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the victim's employer knew

or should have known of the harassment and failed to take prompt remedial action." *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 399 (5th Cir. 2007). Here, Plaintiff's hostile work environment claim seems to arise primarily from her contention that she was told to follow the orders and direction of her younger supervisors. Additionally, Plaintiff cites comments by Gerald Garza, Deputy Chief, such as "If Amanda [Murtaugh, a younger supervisor of Plaintiff] says jump, you ask how high?" D.E. 33, Ex. 26. Plaintiff also alleges that Garza made a statement shortly before her termination about "get[ting] rid of the old dinosaurs and bring[ing] in fresh blood." *Id.* Plaintiff further alleges that Garza expressed dissatisfaction with her work and sometimes yelled at her. *Id.*

While these statements and expressions of frustration from Garza are somewhat tactless, it is unclear how often he made them, and therefore whether the statements were "severe or pervasive" enough to constitute a hostile work environment. The Court has cautioned that "offhand comments and isolated incidents (unless extremely serious)" will not amount to Title VII discrimination. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 2283 (1998). The Supreme Court has listed several factors to be considered in evaluating the severity of an allegedly hostile work environment, including the frequency of the alleged conduct, its severity, any physical threat or humiliation, and whether the conduct interferes with an employee's work performance. *Id.* at 787–88, 2283.

On the scanty evidence presented by Plaintiff, Garza's statements seem to be, at worst, offhand comments and occasional expressions of frustration, not

sufficient or frequent enough to rise to the level of a hostile work environment. Plaintiff alleges that these incidents upset her, but provides no evidence that they were physically threatening, humiliating, or substantially interfered with her work performance. Accordingly, the Court GRANTS summary judgment for Defendant on Plaintiff's hostile work environment claim.

## VIII. Conclusion

For the reasons stated above, summary judgment is GRANTED on Plaintiff's due process, gender discrimination, age discrimination, and hostile work environment claims. Summary judgment is DENIED on Plaintiff's retaliation claim.

ORDERED this 7 day of March 2009.

_____
HAYDEN HEAD
CHIEF JUDGE